**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 10, 2018
Decided April 26, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-2868

| | |
|---|---|
| ERIC D. WANGER, | On Petition for Review of an Order of |
| *Petitioner*, | the Securities & Exchange Commission. |
| | |
| *v.* | No. 3-14676 |
| | |
| SECURITIES AND EXCHANGE | |
| COMMISSION, | |
| *Respondent*. | |

## O R D E R

In 2012, Eric Wanger consented to the entry of an order by the Securities and Exchange Commission ("Commission") that barred him from the securities industry. The order afforded him the right to apply for reentry to the industry after one year. In 2016, Wanger filed an application for consent to reenter the industry. The Commission denied his application on July 10, 2017. Wanger now petitions for review of the order denying his application, but his petition is untimely.

A party must petition for review of a Commission order "within sixty days after the entry of [the] order." 15 U.S.C. § 80b-13(a); *see id*. § 78y(a)(1). "The date of entry of a

Commission order shall be the date the order is signed" by the Secretary or by another person authorized by the Commission. 17 C.F.R. §§ 201.140(a) & (c). That date "shall be reflected in the caption of the order." *Id*. § 201.140(c).

The caption date on the Commission's order was July 10, 2017. This gave Wanger sixty days—until September 8, 2017—to file his petition. He ultimately filed the petition on September 11, three days after the statutory window closed.

Wanger nonetheless insists that his petition is timely. He first argues that the statutory window could not have begun on July 10 because the Assistant Secretary did not sign the order until July 12. This argument finds no support in the record. In fact, a sworn declaration by Assistant Secretary Jill Peterson and internal Commission records confirm that Peterson digitally signed the order on July 10, 2017.

Wanger then contends that Peterson's "digital signature"—a digital image of a handwritten signature or a type signature in an electronic document—cannot serve as a signature. This argument is also meritless. Peterson's digital signature is her signature. Such signatures are now commonplace and Wanger fails to direct this court to a statute or regulation that prohibits their use by the Commission.

Finally, Wanger argues that it would be too harsh to dismiss the petition as untimely. Even if we agreed, we would be compelled to dismiss. It is likely that this limitations period is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 209–210 (2007). At minimum, however, the time bar is mandatory and binding. *See, e.g., Clean Water Action Council of Ne. Wis., Inc. v. EPA*, 765 F.3d 749, 753 (7th Cir. 2014).

Accordingly, we DISMISS Wanger's petition as untimely.